Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4068 | **DATE** | 3/6/2012 |
| **CASE TITLE** | U.S. ex rel. McConney Rush (#N-27570) vs. Jerry Buscher | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2254 petition as to all claims, dismisses this cause in its entirety, and denies a certificate of appealability.

*Philip G. Reinhard*

■ [ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT - OPINION

McConney Rush, a state prisoner, filed a petition pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for involuntary manslaughter (720 ILCS 5/9-3(a),(f) (West 2000)) following a bench trial in the Circuit Court of Lee County, Illinois. The petition raises the following claims: (1) his due process rights were violated when one of the State's experts, Dr. Blum, testified in rebuttal regarding forensic slides of the victim's liver that had not been properly disclosed by the State; (2) his due process rights were violated when the trial court denied his expert, Dr, Heubi, the opportunity to examine the slides and testify regarding them; (3) trial counsel was ineffective in failing to: (a) review the discovery materials related to the new slides, (b) challenge the authenticity and accuracy of the new slides, (c) move for a mistrial, (d) contact Dr. Heubi prior to cross-examining Dr. Blum regarding the new slides, (e) investigate the new slides with Dr. Heubi, (f) retrieve Dr. Heubi's faxed opinion letter to present at trial, and (g) use Dr. Heubi's opinion letter and/or live testimony at the proceedings on his motion for a new trial; and (4) his 30-year sentence is excessive and illegal under the Illinois statutory sentencing scheme applicable to his offense. Respondent answers, contending that the due process claims are procedurally defaulted for not having been raised through one complete round of review, that the first five ineffective assistance claims (a - e) are procedurally defaulted, and that the sentencing claim is also procedurally barred. Respondent further contends that the remaining two ineffectiveness (f and g) claims lack merit. Petitioner, in his reply, fails to raise any meaningful justification for the procedurally defaulted claims other than a generalized argument that a miscarriage of justice will result if they are not considered. He also seeks to withdraw his sentencing claim without prejudice.

### Procedurally Defaulted Claims

To obtain federal habeas corpus review, a petitioner must first submit his claim through one full round of state-court review, Johnson v. Hullett, 574 F. 3d 428, 431 (7th Cir. 2009), either on direct appeal of his conviction or in post-conviction proceedings, Lewis v. Sternes, 390 F. 3d 1019, 1025 (7th Cir. 2004). This means a petitioner must raise the claim at each and every level in the state-court system, including review that is discretionary rather than mandatory. Lewis, 390 F. 3d at 1025-26. To satisfy this requirement, a petitioner must have fairly presented the substance of his claims to the state courts by articulating both the operative facts and applicable law that he claims entitle him to relief. Johnson, 574 F. 3d at 431.

The consequence for failing to fully and fairly present a claim to the state courts is procedural default.

| **STATEMENT - OPINION** |
|---|

Johnson, 574 F. 3d at 431. A defaulted claim may be considered only if the petitioner can establish cause and prejudice for the default or that the failure to consider the claim will result in a fundamental miscarriage of justice. Johnson, 574 F. 3d at 431.

Here, the two due process claims are procedurally defaulted because they were neither raised on direct appeal nor through one complete round of post-conviction review. While petitioner raised these claims in his post-conviction petition in the trial court, neither was raised in the appellate court or in the petition for leave to appeal in the supreme court. Petitioner has not pointed to any cause and prejudice for the default, nor is his general suggestion that a miscarriage of justice will occur if the claims are not considered sufficient to justify review.

The same can be said for the ineffective assistance of counsel claims 3(a)-3(f). These claims were neither raised on direct appeal nor in his post-conviction appeal. Neither has petitioner offered any proper justification to consider these otherwise defaulted claims.

Further, a procedural default occurs when a claim was never raised in concrete, practical terms sufficient to alert the state court to the federal constitutional nature of the claim. Ward v. Jenkins, 613 F. 3d 692, 696 (7th Cir. 2010). To determine whether a constitutional issue has been fairly presented, the court must consider the following four factors: (1) whether the petitioner relied on federal cases that engage in a constitutional analysis; (2) whether the petitioner relied on state cases that apply a federal constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. Ward, 613 F. 3d at 696-97.

Errors of state law alone are not cognizable under federal habeas corpus review. Samuel v. Frank, 525 F. 3d 566, 574 (7th Cir. 2008). The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court error deprived the petitioner of a right under federal law can the federal court intervene. Samuel, 525 F. 3d at 574.

In this case, petitioner's sentencing claim was never presented to the state courts as a federal constitutional claim. It is therefore procedurally barred on that basis. Further, because it is based here on state law as opposed to a federal constitutional basis, it is also barred.[1]

**Merits of Remaining Claim**

When a state court actually adjudicates a petitioner's claim on its merits, a federal habeas court may grant relief only when the state court's ruling resulted in a decision that is contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that is based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding. Sussman v. Jenkins, 636 F. 3d 329, 349 (7th Cir. 2011).

To prevail on an ineffective assistance of counsel claim, a petitioner mus`t demonstrate that counsel's performance fell outside the wide range of professionally competent assistance and that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. Sussman, 636 F. 3d at 349 (citing Strickland v. Washington, 466 U.S. 668 (1984)). Because an ineffective assistance of counsel claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, the standard under Strickland must be applied with scrupulous care to prevent intrusive post-trial inquiry from threatening the integrity of the very adversary process the right to counsel is meant to serve. Sussman, 636 F. 3d at 349. To satisfy the deficiency component of Strickland, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. Sussman, 636 F. 3d at 349. That means identifying acts or omissions of counsel that could not be the result of professional judgment. Sussman, 636 F. 3d at 349. The review of counsel's performance is highly deferential and the petitioner is required to overcome the presumption that, under the circumstances, the challenged action or omission might be considered sound trial strategy. Sussman, 636 F. 3d at 350.

Keeping this presumption in mind, a reviewing court must reconstruct the circumstances surrounding the challenged attorney conduct and determine whether they were reasonable. Foster v. Schomig, 223 F. 3d 626, 631 (7th Cir. 2000). This determination must not be distorted by hindsight, but rather, be evaluated from counsel's perspective at the time the relevant decision was made. Foster, 223 F. 3d at 631. A defense attorney's performance is acceptable when he chooses a professionally competent strategy that secures for the accused the benefit of an adversarial process. Foster, 223 F. 3d at 631. Certainly the decision whether or not to call a witness to testify can be a strategic one. Foster, 223 F. 3d at 631. Such a decision is sound if it is based on the attorney's determination that the testimony the witness would give might on balance harm rather than help the defendant. Foster, 223 F. 3d at 631.

| STATEMENT - OPINION |
|---|

Here, the two remaining claims can be disposed of under the prejudice prong of Strickland.[2] Both claims are based on two forensic slides that were made after the defense rested and to which Dr. Blum first testified in the rebuttal portion of the State's case. Petitioner's claims here are premised on the fact that his trial counsel was deficient in failing to get this evidence before the trial court either in his trial (by way of cross-examination or substantively) or in the proceeding on the motion for a new trial.

In this regard, petitioner contends that this evidence would have shown that there was necrosis in areas outside the lacerations in the victim's liver which would have under cut Dr. Blum's opinions and also bolstered his own theory that the liver was diseased to a degree that his application of CPR would have caused the lacerations in the liver.

While Dr. Heubi's testimony (or written opinion) may well have shown these things, it does not show a reasonable probability that but for the error the outcome of the trial would have been different. This is so for several reasons. First, there was ample evidence independent of Dr. Blum's opinion about the new slides that demonstrated that the liver was not diseased at the time of the incident. Second, it was quite apparent to the trial court prior to the introduction of any evidence about the slides that Dr. Blum and Dr. Heubi were diametrically opposed in their opinions as to whether the liver was diseased and as to the cause of death. The evidence regarding the new slides would have done nothing more than add essentially equally to that dispute. Adding one more disagreement between the two experts would not have changed the outcome of the case. And cross-examining Dr. Blum based on Dr. Heubi's opinion would not have likely resulted in Dr. Blum backing off of his opinion of what the new slides showed as to the condition of the victim's liver. Further, Dr. Blum's testimony, even if unimpeached or unrebutted by Dr. Heubi's opinion, added very little weight to the other evidence supporting Dr. Blum's opinion that the liver was not diseased at the time of the incident or to any of the other independent evidence of guilt. Finally, petitioner has not shown that even if the new slides did show some necrosis of the liver outside the lacerated areas that such disease was advanced to a degree that the liver was susceptible to being lacerated by the use of CPR.

When the evidence potentially generated by Dr. Heubi's opinion of the new slides is viewed in light of all the evidence in this case, including that of Dr. Blum, such evidence would not have been reasonably likely to alter the outcome of the trial whether it was used for impeachment purposes or substantively. Likewise, neither submission of the opinion letter nor Dr. Heubi's testimony would likely have resulted in a different outcome on the motion for a new trial.[3] Therefore, the disposition of the Illinois Appellate Court as to all claims of ineffectiveness of counsel based on the evidence related to the new slides was neither contrary to nor involved an unreasonable application of clearly established Federal law as determined by the United States Supreme Court.[4]

For the foregoing reasons, the court denies the § 2254 petition as to all claims and dismisses this cause in its entirety. Further, because there has been no substantial showing of the denial of a constitutional right, the court denies a certificate of appealability. See Rule 11(a) of The Rules Governing Section 2254 Cases; 28 U.S.C. § 2253(b); Fed. R. App. P. 22(b).

---

1. Petitioner's belated effort to withdraw the claim is denied.

2. Although respondent contends that portions of these two claims are procedurally defaulted, out of an abundance of caution, the court will consider them on their merits.

3. It should be noted that the trial court was aware of the gist of Dr. Heubi's opinion and still refused to grant a new trial.

4. To the extent the state appellate court did not squarely address any portion of petitioner's ineffectiveness claims, this court finds no Strickland error under the more generous standard of 28 U.S.C. § 2243. See Atkins v. Zenk, 667 F. 3d 939, 944 (7th Cir. 2012).